UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

COREY WATSON & M. M., an infant, by and
through his father and legal guardian,
KENNETH DOUGLAS

                Plaintiff,

       -against-

THE CITY OF NEW YORK,
P.O. ROBERT FRANK (Sh. 9271),
P.O. ANTHONY CERENZIO,
P.O. BRIAN POTTER,
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

                Defendant(s)
-----------------------------------------------------------------

CASE No.: 12-cv-3973

AMENDED COMPLAINT

PLAINTIFF(S) DEMAND
TRIAL BY JURY

    Plaintiff, COREY WATSON & M.M., an infant, by and through his father and legal guardian, KENNETH DOUGLAS, by their attorney, Paul Hale Esq., complaining of the defendants, The City of New York, Police Officers "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth

Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1985 and § 1988], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff COREY WATSON resides in New York and is a resident of the State of New York.

7. Plaintiff M.M., an infant, by and through his father and legal guardian, KENNETH DOUGLAS resides in New York and is a resident of the State of New York.

8. P.O. ROBERT FRANK (Sh. 9271) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

9. P.O. ANTHONY CERENZIO at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

10. P.O. BRIAN POTTER at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

11. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

12. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### (First Incident)

13. On or about April 21, 2011 plaintiff M.M. was walking his dog in front of 2926 W. 25th St. in Brooklyn, NY 11224.

14. At the above time and place M.M. was approached by a uniformed NYPD P.S.A. housing officer. Upon information and belief this was officer ROBERT FRANK (Sh. 9271).

15. The officer pointed at dog feces on the ground and accused M.M. of not cleaning up after his dog.

16. M.M responded by telling the officer that what he was pointing at was not from his dog because it was in fact not from his dog.

17. For a reason unknown to M.M. he was placed under arrest for Disorderly Conduct and transported to the P.S.A. station house.

18. It should be noted that M.M. was 14 years old at the time.

19. At the station house M.M.'s parents were not contacted and he was taken to Kings County Family Court.

20. Only there were his parents contacted and he was eventually released into their custody.

21. The Disorderly Conduct charge was eventually dismissed.

### (Second Incident)

22. On February 26, 2012 at approximately 5 pm M.M. and COREY WATSON were in the lobby of their apartment building 2926 W. 25th Brooklyn, NY 11224.

23. Prior to being in the lobby they had called Mexicano's car service to take them to M.M.'s grandmother's house.

24. The car company called them and told them the car was downstairs and they came down to the lobby.

25. The car had not arrived yet.

26. As they were waiting in the lobby (for approximately two minutes) two uniformed P.S.A. officers approached the two plaintiffs and immediately placed them in handcuffs. They

were told they were "suspects in a robbery." Upon information and belief these two officers were P.O. ANTHONY CERENZIO and P.O. BRIAN POTTER.

27. They were both placed in the back of a police car.

28. At some point, upon information and belief, a Lieutenant (who was wearing a white shirt) asked for M.M's keys. He then asked him for his apartment number. The Lieutenant took his keys and M.M. told him his apartment number.

29. Upon information and belief, the Lieutenant went and unlocked the mailbox belonging to M.M's family and riffled though its contents looking for contraband. This was done without a warrant, consent, or reasonable suspicion.

30. Both plaintiff's were then transported to the P.S.A. station house.

31. At the station house both plaintiff's were fully strip searched by the Lieutenant.

32. It should be noted that M.M. was 15 at the time.

33. M.M. was released from the station house after approximately five hours. His parents were never contacted.

34. COREY WATSON had an outstanding warrant and was processed for it.

35. At no time did M.M. commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

36. At no time was there reason to strip search either plaintiff at any time.

37. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

38. The unlawful arrest of plaintiffs, plaintiffs' wrongful imprisonment because of

defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

39. As a direct and proximate result of their unlawful detention, assault, confinement, Plaintiffs have lived in terror of their attack, and continue to suffer from nightmares, are fearful of going outside and when they sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in their personal relationships, in and outside of their home.

40. As a direct and proximate result of defendant's actions, plaintiffs were arrested and detained without just or probable cause.

41. As a direct and proximate result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

42. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

43. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

44. The actions of defendants, acting under color of State law, deprived plaintiffs of thier

rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

45. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

46. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

### AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983-against all Defendants.

47. Plaintiffs hereby restate all paragraphs above of this complaint, as though fully set forth below.

48. By detaining and imprisoning plaintiffs, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

49. In addition, the Defendants conspired among themselves to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

50. The Defendant acted under pretense and color of state law and in their individual and

official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

51. As a direct and proximate cause of the acts of the defendants, plaintiffs suffered the following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Excessive force imposed upon him;

    E. Summary punishment imposed upon him; and

    F. Denied equal protection under the law.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

53. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**WHEREFORE,** plaintiffs respectfully request judgment against the Defendants as follows:

I. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs

      under 42 U.S.C. Section 1988;

II.    Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

4/23/2013
Brooklyn, New York

                                                Respectfully Submitted

                                                /s/
                                        By:    Paul Hale, Esq.
                                        26 Court St. Ste 913
                                        Brooklyn, NY 11242
                                        (718) 554-7344